## DeVaughn *vs.* Haugabook.

[Jackson, C J., did not preside, on account of providential cause.]

Where a oraft was drawn and endorsed by the drawer and placed in the hands of the payee, who held it but never accepted it, it was, in legal effect, a promissory note, and the payee could bring suit on it as such against the drawer. *70 Ga.,* 715.
Judgment reversed.

October 2, 1884.

Halt, Justice.

[A *fi. fa.* in favor of J. E. DeVaughn against George W. Hunter was levied on a mule, and Thomas Haugabook interposed a claim. On the trial, the claimant moved to quash the *fi. fa.* and dismiss the levy, on the ground that there was no legal judgment on which the *fi. fa.* issued. By consent, the original record was put in evidence in connection with this motion. This showed the following facts: DeVaughn brought complaint in the statutory form against Hunter, alleging the debt to be due on a " promissory note or draft." The copy attached to the declaration was as follows :

"$1,067.43.              Montezuma, Ga., April 9, 1874.

"By the 15th day of October, please pay to the order of J. E. DeVaughn one thousand and sixty-seven $\frac{43}{100}$ dollars, for value received, as an advance on my crop to be raised the present year, including your commission for the same. And for the purpose of securing the payment of this draft at or before maturity, I hereby create a lien in your favor, with authority to transfer the same, on my crop of cotton and other crops growing or to be grown by me, or in which I may have any interest; also I hereby create a draft mortgage upon stock. If this note is not paid at maturity, it is to bear interest at the rate of eighteen per cent per annum, and should I not fully pay this draft at maturity, you are hereby authorized to foreclose this lien at once, and foreclose this mortgage, as provided by law for a mortgage upon personalty; and I further agree to pay all costs and counsel fees incurred in its collection. And I agree to deliver to you at the warehouse all my cotton crop and a sufficiency of same to meet this draft

before maturity, which cotton you are authorized to sell at your dis-cretion for that purpose.

"(Signed)                                    G. V. HUNTER."

(Endorsed on back) G. V. HUNTER.

Personal service was perfected and a judgment by de-fault rendered.

The court held that this record showed on its face that the judgment was not founded on sufficient pleadings, and that the judgment was void, and dismissed the levy. Plaintiff excepted.]